[S. F. No. 15069. In Bank.—December 26, 1934.]

In the Matter of the Estate of FRANK E. BISHOP, Deceased. BESSIE PUGH et al., Respondents, v. GERTRUDE DICKSON, Appellant.

Roy Daily, Clifton Hildebrand and Thomas F. McCue for Appellant.

Reisner & Deming for Respondents.

THE COURT.—This is a contest of a will. The testator committed suicide April 26, 1932, leaving an holographic will dated February 15, 1932. The said will, in proper form, made gifts of small cash sums to his sisters, and left the balance of the estate to Mrs. Gertrude Dickson. A contest was instituted by the sisters, who alleged that the tes-

tator lacked testamentary capacity, and had executed the will as a result of fraud and undue influence. The case was tried before a jury and a verdict was entered in favor of the contestants on all the issues. The court thereupon entered judgment denying probate. Prior motions on behalf of the proponent for directed verdict and judgment notwithstanding the verdict were denied, and a motion for a new trial was likewise denied. This appeal followed.

A good deal of evidence was offered on behalf of both sides, and it would serve no purpose to review it in detail. The contestants presented testimony which gave substantial support to their contention that the proponent, a spiritualist, together with her husband, also a spiritualist, succeeded in making the decedent a regular attendant at their seances; convinced him that he was in communication with the spirit of his deceased wife; and produced spirit messages purporting to come from his wife, urging him to join her and telling him to make his will in favor of Mrs. Dickson, so that she could use it in furtherance of the Spiritualist Church. A number of witnesses testified that decedent became wholly engrossed with spiritualism, and acted only in accordance with directions from his ''guides'', who appeared in spirit form at the seances. It is true that there were other witnesses who testified that the decedent appeared rational and able to take care of his business. However, we think that the record sustains the verdict.

The judgment is affirmed.